UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARK DUDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00175-WTL-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

For the reasons explained in this Order, the motion of Mark Dudley for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action **dismissed**. In addition, the Court finds that a certificate of appealability should not issue.

Mr. Dudley filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his sentence was improperly enhanced under the Armed Criminal Career Act (ACCA) and should be reduced. Dkt. Nos. 1-2.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period runs from:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003).

Mr. Dudley's judgment of conviction was entered on the clerk's docket on September 27, 2013. Mr. Dudley did not appeal. His conviction therefore became final on the last day he could have filed a notice of appeal, October 11, 2013. The last day he could have filed a timely § 2255 motion was one year later, October 11, 2014. Instead, Mr. Dudley filed his § 2255 motion on April 18, 2017.

Mr. Dudley argues that his motion is timely under § 2255(f)(3) because his motion was filed within one year of *Mathis*, which he argues has been made retroactively applicable to cases on collateral review, citing *Holt v. United States*, 2016 WL 7217578 (7th Cir. 2016). Respondent disagrees and argues that *Mathis* does not involved a right newly recognized by the Court that is retroactively applicable. Respondent further argues that Mr. Dudley is bound by the collateral relief waiver in his plea agreement. Finally, Respondent argues that even without the procedural bar and waiver, Mr. Dudley is not entitled to relief under *Johnson* or *Mathis* for various reasons.

*Johnson v. United States*, 135 S.Ct. 2551 (2015), was decided on June 26, 2015, and while the Supreme Court recognized in *Welch v. United States,* 136 S.Ct. 1257 (2016), that *Johnson* applies retroactively on collateral review, Mr. Dudley was required to bring his *Johnson* claim within a year of its decision. Mr. Dudley failed to do so before June 26, 2016. While *Mathis* was decided on June 23, 2016, "*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law." *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Nor has Mr. Dudley argued that he is entitled to equitable tolling.

Under these circumstances, the habeas petition is now **dismissed** as untimely. Judgment shall now issue and a copy of this Entry **shall be filed** in Mr. Dudley's criminal case, No. 2:13-cr-00004-CTL-CMM-1.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Dudley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

Date: 2/13/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov